1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

RICARDO PEREIRA LUNA,

          Plaintiff,

   v.

LINDA R. THOMAS, *et al.*,

          Defendants.

Case No. 2:19-cv-00431-JFW (AFM)

**ORDER TO SHOW CAUSE**

On January 18, 2019, Plaintiff Ricardo Pereira Luna, an inmate at FCI Victorville, purported to filed a pro se Verified Complaint in this civil rights action. (ECF No. 1.)  Plaintiff paid the full filing fee.  The caption names various medical personnel located at the Metropolitan Detention Center, Los Angeles; USP Lompoc; and the United States Bureau of Prisons as defendants. The claims appear to arise from alleged inadequate medical care for Plaintiff's right eye.

Pages 1 and 67[1] of the Verified Complaint both list Plaintiff's address as FCI Victorville and also identify "Power of Attorney: L.E.A.R. Legal Services, 11700 W. Charleston Blvd., Suite # 170-222, Las Vegas, NV 89135."  On the Verified

---

[1]  The Court references page numbers from the CM/ECF version of the Complaint ("ECF") because the filed document does not have consecutive page numbers.

Complaint's signature blocks at pages 67 and 69, it is stated "Ricardo Pereira Luna (P.O.A.)." This indicates that Plaintiff did not personally sign the Verified Complaint; instead, someone at "L.E.A.R. Legal Services" apparently signed Plaintiff's name based on a power of attorney.

Rule 11(a) of the Federal Rules of Civil Procedure provides that, "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." In this case, Plaintiff is not represented by counsel, and therefore, Plaintiff must personally sign the Verified Complaint and other pleadings, motions and papers filed with the court.[2] As stated in a leading treatise, "If a party is unrepresented by counsel, Rule 11 requires the party himself or herself to sign the pleading, motion of other paper before submitting it to the district court. Several federal courts have held that the Rule 11 signature requirement is not satisfied when a nonlawyer signs a paper on behalf of an unrepresented party−the paper either must be signed by the party or by a lawyer." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1333 at 512-13 (2004) (footnotes omitted); *see also Ruhl v. Wal-Mart Corp.*, 2010 WL 2159365, at *2 (W.D. Wash. May 25, 2010) (non-lawyer may not sign pleadings for an unrepresented party); *Aitro v. Clapper*, 2006 WL 1966746, at *2 (W.D. Mo. July 11, 2006) (ruling that pleadings would be struck if not signed by pro se plaintiff).

Moreover, a power of attorney does not permit a non-lawyer to prepare and sign pleadings and other court papers for an unrepresented party because that would not comply with Rule 11 and would constitute unlawful practice of law by the non-lawyer. *See Johnson v. Bank One N.A.*, 90 Fed. Appx. 956, 957 (7th Cir. 2004) (non-lawyer with power attorney may not sign pleadings for an unrepresented party because he is not a licensed attorney); *Arroyo v. West*, 2016 WL 5138578, at *1 (W.D. Wis. Sept. 20, 2016) (non-lawyer with a power of attorney may not author

---

[2]   Local Civil Rule 11-1 similarly provides that in a pro se case, all documents . . . shall be signed by . . . the party appearing pro se."

pleadings and appear for a pro se inmate in court)

Accordingly, on or before **February 15, 2019**, Plaintiff is ordered to show cause why this case should not be dismissed due to the failure of Plaintiff to sign the Verified Complaint as required by Fed. R. Civ. P. 11(a) and Local Civil Rule 11-1.

DATED: 1/25/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE