# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PEREIRA LUNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LINDA R. THOMAS, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:19-cv-00431-JFW (AFM)<br><br>**ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND** |

On January 18, 2019, plaintiff, an inmate in the custody of the Federal Bureau of Prisons ("BOP"), filed a Complaint in this *pro se* civil rights action. (ECF No. 1.) Plaintiff subsequently filed a verified version of the Complaint on February 22, 2019, and this version is the operative pleading herein. (ECF No. 11.) Plaintiff paid the full filing fee. The Complaint arises from incidents that occurred while plaintiff was a detainee or an inmate at the Metropolitan Detention Center, Los Angeles ("MDC-LA"), the Federal Correctional Institution in Lompoc ("Lompoc"), and the Federal Correctional Institution in Victorville. (ECF No. 11 at 3, 11.) Plaintiff arrived at MDC-LA on April 10, 2014, and he was transferred from MDC-LA to Lompoc in January 2016. (*Id.* at 11, 14.)

Plaintiff names as defendants the BOP (*id.* at 11); eight federal officials at MCD-LA, including two wardens, medical personnel, and an attorney (*id.* at 3-5); 23

federal officials at Lompoc, including medical personnel, administrative supervisors, a warden, an information technician, and a counselor (*id*. at 5-10); and three administrative or supervisor officials with the BOP (*id*. at 10-11). Plaintiff purports to raise seven claims (*id*. at 55-67), and he seeks declaratory and monetary relief (*id*. at 67-68).

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court on its own motion has screened the Complaint to determine whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).

The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) "lack of a cognizable legal theory;" or (2) insufficient "facts alleged under a cognizable legal theory." *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (internal quotation marks omitted); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Nor is the Court "bound to accept as true a legal conclusion couched

as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim* showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple,

3

concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit." *See McHenry*, 84 F.3d at 1179.

Following careful review of the Complaint, the Court finds that the factual allegations are insufficient to state any claim upon which relief may be granted, and some of the claims appear on the face of the pleading to be barred by the statute of limitations. Further, the pleading fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order,**

**remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without further leave to amend and with prejudice.[1]

A. <u>Statute of Limitations</u>

The Complaint includes a lengthy narrative of events that begins shortly after plaintiff's arrival at MDC-LA in April 2014. (ECF No. 11 at 11.) Plaintiff initiated this civil action when he placed the first version of his Complaint into the mail on January 11, 2019. (ECF No. 1 at 70-71.)

Plaintiff is a federal prisoner who is purporting to raise civil rights claims against federal officials. Such claims arise under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and not pursuant to 42 U.S.C. § 1983. *See, e.g., Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017) (noting that 42 U.S.C. § 1983 "entitles an injured person to money damages if a state official violates his or her constitutional right" while *Bivens* provides an implied cause of action for money damages against individual federal officials for some constitutional violations).[2]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

[2] Plaintiff's Complaint mentions *Bivens* (ECF No. 11 at 2), but he purports to raise most of his claims pursuant to 42 U.S.C. § 1983 (*id.* at 2, 55, 59-60, 62, 64-65.) However, because the individual defendants named in the Complaint are all federal officials and not state officials, plaintiff cannot allege a claim against any individual defendant under § 1983. Section 1983 "only provides a remedy against persons acting under color of state law" and not against federal officials. *See, e.g., Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008); *Hydrick v. Hunter*, 669 F.3d 937, 940 n.3 (9th Cir. 2012) (a suit against a federal official under *Bivens* "is the federal analog to suits brought against state officials" under § 1983 (quoting *Iqbal*, 556 U.S. at 675); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (allegations "against federal

5

Civil rights claims pursuant to *Bivens* are subject to the statute of limitations applicable to personal injury claims under the law of the state in which the claims arose. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (a court applies the statute of limitations for personal injury actions and the forum state's law regarding tolling except to the extent inconsistent with federal law); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (forum state's statute of limitations for personal injury claims applies in *Bivens* actions); *see also Schwarz v. Meinberg*, 761 Fed. Appx. 732, 735 (9th Cir. 2019) (citing *Jones* and *Van Strum* and stating that the "statute of limitations for a *Bivens* claim is equivalent to a personal injury claim in the forum state") (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3). Civil rights claims arising in California after 2003 are subject to the two-year limitations period set forth in Cal. Civ. Proc. Code § 335.1. *See, e.g., Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). Federal law determines when a civil rights claim accrues. A *Bivens* cause of action accrues under federal law as soon as a potential "plaintiff knows or has reason to know of the injury" that is the basis of the action. *See Western Ctr. for Journalism v. Cederquist,* 235 F.3d 1153, 1156 (9th Cir. 2000).

In addition, a federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). Under California law, the continuous incarceration of a plaintiff is a disability that tolls the statute of limitations for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1; *see, e.g., Jones*, 393 F.3d at 927 (California provides for statutory tolling for a period of up to two years based on the disability of imprisonment); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Such tolling is applicable only if a plaintiff was imprisoned "at the time the claim accrued." *Elliott*, 25 F.3d at 802-03 (explaining that "actual, uninterrupted incarceration is the touchstone" for assessing tolling for the disability of "post-arrest custody") (citation omitted)). A pleading may be dismissed on statute

---

officials acting under color of federal law" fail to give rise to a claim under § 1983; "the only possible action is an action under the authority of *Bivens*").

6

of limitations grounds if "the statute of limitations issues are apparent on the face of the complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

To the extent that plaintiff is raising a civil rights claims against any federal official named in this action, his claims accrued no later than the day on which he learned of the events that gave rise to each specific claim. Giving plaintiff the benefit of any doubt as a *pro se* litigant and assuming for purposes of determining the adequacy of plaintiff's pleading that he has been continually incarcerated since his arrival at MDC-LA, his uninterrupted incarceration would entitle plaintiff to a maximum of two years of statutory tolling under California law. *See* Cal. Code Civ. Proc. § 352.1(a) (expressly limiting tolling arising from incarceration to a period not to exceed two years). Absent other grounds for tolling, therefore, plaintiff's civil rights claims in this action are time-barred to the extent that they accrued prior to January 2015.

Accordingly, the allegations in the Complaint from April 2014 until the end of 2014 while plaintiff was held at MDC-LA (ECF No. 11 at 11-12) appear barred by the statute of limitations. In these apparently time-barred allegations, plaintiff references MDC-LA defendants including Buckingham, Casten-Methu, Toh, Sinavsky, Hernandez, and Warden Thomas. (ECF No. 11 at 11-12.) Further, plaintiff does not appear to set forth any specific factual allegations against defendant MDC-LA Warden Shinn. (*See id.* at 12-14.) After January 2015, these defendants are only mentioned in conclusory and unsupported allegations such as they "denied plaintiff's right to receive adequate medical care," "failed to provide treatments," "caused the plaintiff excessive delays with his medical needs," or "failed to return plaintiff" for follow-up examinations. (*Id.* at 13-14.) Because the general allegations from January 2015 until plaintiff's transfer out of MDC-LA on January 5, 2016 (*id.* at 14), are unsupported by specific factual allegations against any of these defendants, these conclusory allegations are not presumed true in determining whether plaintiff has stated a plausible claim against the MDC-LA defendants. *See, e.g., Chavez*, 683

F.3d at 1108. As the Supreme Court has made clear, plaintiff must plead "more than labels and conclusions" to state a plausible claim against a specific defendant. *Twombly*, 550 U.S. at 555. Therefore, the Court finds that plaintiff's Complaint fails to set forth factual allegations showing that, from January 11, 2015 to the time that plaintiff initiated this action, any of the MDC-LA defendants were directly involved in the alleged constitutional violations and fails to plead facts sufficient to show that any claim against any of these defendants arising after December 2014 "has substantive plausibility." *See, e.g., Johnson*, 574 U.S. at 12.

In sum, from the face of the Complaint, it appears that the civil rights claims against defendants Buckingham, Casten-Methu, Toh, Sinavsky, Hernandez, Shinn, and Thomas are barred by the statute of limitations.

**B.** **<u>Sovereign Immunity</u>**

The doctrine of sovereign immunity bars suits against the United States and its agencies, absent a waiver. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994*); Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (suits against officers and employees of the United States in their official capacities are barred by sovereign immunity absent an explicit waiver). A "waiver of sovereign immunity must be unequivocally expressed in statutory text," and the waiver must be "clearly evident from the language of the statute." *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (internal quotation marks omitted). Absent an express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over cases against the United States and its agencies. *FDIC*, 510 U.S. at 475.

Plaintiff names the BOP, an agency of the United States, as a defendant. (ECF No. 11 at 11.) The United States has not waived its sovereign immunity for constitutional torts or actions brought pursuant to *Bivens*. *See, e.g., FDIC*, 510 U.S. at 476-78, 486; *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985) (rejecting a *Bivens* claim against federal agencies because there has been no waiver of sovereign immunity under *Bivens*). Further, a *Bivens* claim may only be

maintained against federal employees in their individual capacities for monetary damages. *See Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) ("By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action.").

Accordingly, plaintiff may not bring any federal constitutional claims pursuant to *Bivens* against the BOP or any federal employee in his or her official capacity because the Court lacks subject matter jurisdiction over such claims.

## C. Rule 8

Plaintiff's Complaint violates Rule 8 in that it fails to allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and which factual allegations allegedly give rise to each claim. The Complaint is 69 pages long, names 34 individual defendants, and purports to raise seven claims. In each of his claims, plaintiff alleges generally that "defendants violated" his constitutional rights or "defendants allowed" plaintiff to experience pain. (ECF No. 11 at 55, 57, 59-60, 62, 64-65.) Further, plaintiff incorporates most of his extensive factual allegations into several of his claims. (*Id.* at 55, 57, 59, 65.) In his claims, plaintiff fails to clearly identify which of the many defendants are alleged to have caused each of the alleged violations. Plaintiff's "Count I," which appears to be raised against all of the named defendants incorporates factual allegations occurring from 2014 into 2017. (*Id.* at 55.) In plaintiff's "Count III," plaintiff incorporates all of his factual allegations from 2014 into 2018, and again generally references "staff" and "defendants." (*Id.* at 59-60.) Moreover, both Count I and Count III purport to raise similar claims under the Eighth Amendment for "deliberate indifference to his [serious] medical needs." (*Id.* at 55, 59.) Plaintiff's incorporation of factual allegations spanning years and the apparent naming of 34 individual defendants from multiple locations and different institutions in two separate claims that appear to arise from the same alleged constitutional deprivations renders it impossible for each named defendant to determine which

factual allegations and claims are being raised against him or her.

The Complaint also references other potential claims, such as the American with Disabilities Act ("ADA") (ECF No. 11 at 2, 57), but the ADA does not apply to the federal government, its agencies, or its officials. According to 42 U.S.C. § 12131(1), a "public entity" is defined as a state or local government or an agency of a state or local government. Therefore, the BOP, which is a federal agency, is excluded from the coverage of the ADA. *See, e.g., Petramala v. United States DOJ*, 481 Fed. Appx. 395, 396 (9th Cir. Sept. 25, 2012) ("the federal government, its agencies, and its officials are either expressly excluded or otherwise exempt" from the ADA) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3); *United States v. Hiramanek*, 2017 U.S. Dist. Lexis 53224, at *13 (E.D. Cal. Apr. 6, 2017) (the definition of "public entity" in the ADA "excludes the federal government from the reach of the statute"). Finally, because the ADA also does not apply to individual defendants, *see, e.g., Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (the "ADA applies only to public entities"), plaintiff may not raise a claim against any named defendant pursuant to the ADA.

In addition, plaintiff's allegations in the Complaint mention a "vitreous hemorrhage"; "glaucoma suspect"; cataract; "discomfort in his right eye"; an "inoperable retinal detachment"; high pressure in his right eye; "severe stage glaucoma"; "zero" pressure or "low pressure" in an eye; pain and sensitivity to light; a "cataract procedure"; a "trabeculectomy"; "pain, twitching, redness, and dryness" in his right eye; a diagnosis of "retinal detachment in right eye"; "excruciating pain" and "flashing lights in right eye"; a "vision decrease to left eye"; "floaters and vision appears to be darkening"; redness and "swollen eye"; "pulsing of eye"; "eye ball deformity"; prescribed eye drops causing a "level of pain of 10"; failure to provide medication for glaucoma; and a diagnosis in February 2018 that his retinal detachment was inoperable. (*See, e.g., id.* at 12-26, 29, 32, 34-35, 38-42, 45-46, 48-51, 53.) It is not clear to the Court which of these numerous and possibly

contradictory symptoms and medical conditions that plaintiff alleges occurred over multiple years pertain to which claims against which defendants. For example, plaintiff alleges that he was diagnosed with retinal detachment in his right eye on March 16, 2017. (*Id.* at 32.) Plaintiff's allegations concerning inadequate medical treatment for his right eye, however, begin more than two years prior to this diagnosis. To the extent that plaintiff is purporting to raise a claim against any defendant for inadequate treatment of a retinal detachment, it is not clear to the Court which of the factual allegations concerning plaintiff's myriad symptoms and extensive medical treatment during several years prior to having been diagnosed with a retinal detachment plaintiff is alleging are relevant to this serious medical need. Similarly, it is not clear to the Court if plaintiff is alleging that one or more defendants failed to treat his glaucoma, or if he is alleging that he was provided with incorrect or ineffective treatment for that medical condition.

The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Initially, in determining the plausibility of plaintiff's claims, the Court discounts plaintiff's numerous unsupported and conclusory allegations of defendants' legal responsibility for plaintiff's constitutional deprivations. (*See, e.g.*, ECF No. 11 at 14 (multiple defendants "continue to deny plaintiff access to the eye specialist"), at 16 (multiple defendants "continuing delay and interference with eye specialist recommendations" and "continually failed to provide adequate medical care to plaintiff"), at 17 (multiple defendants "continually failed to provide adequate medical care"), at 20 (multiple defendants "continually denied access to adequate medical care" and "failed to properly address plaintiff's issue").) Further, because plaintiff appears to raise multiple claims arising from the same factual allegations against all defendants and incorporates most of his lengthy factual allegations that

span years into most of his claims, but all defendants named in this action are not alleged to have participated in all parts of the alleged events, the Court finds that plaintiff's Complaint fails to meet the minimal requirement of Rule 8 that a pleading allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level").

Accordingly, the Court finds that plaintiff's Complaint violates Rule 8 because it fails to set forth a simple, concise, and direct statement of the factual basis of each of plaintiff's claims against each defendant. If plaintiff wishes to state any federal civil rights claim that is not barred by the statute of limitations against any defendant, plaintiff should set forth separate claims stating his factual allegations for each such claim against each defendant under the standards set forth above. Plaintiff's factual allegations must be "sufficient to show that [each] claim has substantive plausibility." *Johnson*, 574 U.S. at 12.

### D. Bivens

In his Complaint, plaintiff names the BOP as a defendant (ECF No. 11 at 11), and he purports to raise constitutional claims against all "defendants" (*id.* at 55, 59-60, 62, 64, 65). *Bivens* is by definition an implied cause of action against federal officials in their individual capacities to provide money damages, and a *Bivens* claim may not be raised against a federal government agency such as the BOP. *See FDIC*, 510 U.S. at 486 (1994) (no *Bivens* cause of action exists for damages against agencies of the federal government); *Ministerio Roca Solida*, 820 F.3d at 1093-94 (a *Bivens* action "does not encompass injunctive and declaratory relief" requiring official government action). Accordingly, plaintiff may not raise any constitutional claims pursuant to *Bivens* against the BOP.

Further, a cause of action pursuant to *Bivens* has been extended to cover only limited constitutional violations. It is necessary to determine the availability of a *Bivens* remedy at the earliest possible stage in litigation. *Hernandez v. Mesa*, 137

S. Ct. 2003, 2006 (2017). In addition, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (citing *Iqbal*, 556 U. S. at 675). In deciding whether to find an implied cause of action, the Court first must determine if this "case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Abbasi*, 137 S. Ct. at 1859. If a case presents a new context for a *Bivens* action, then a damages remedy may only be extended (1) if the plaintiff has no "other adequate alternative remedy" and (2) there are no "special factors" that would cause the court to believe that Congress rather than the courts should authorize a suit for money damages. *See Rodriguez v. Swartz*, 899 F.3d 719, 738 (9th Cir. 2018).

To the extent that plaintiff is purporting to raise any claims arising from alleged due process violations, retaliation, inhumane conditions of confinement, or denial of access to the courts pursuant to the First, Fifth, or Seventh Amendments (*see* ECF No. 11 at 43, 54, 62-65), the Supreme Court has not recognized a *Bivens* remedy in any of these contexts. The only contexts in which the Supreme Court has recognized a *Bivens* remedy are for claims seeking damages against federal officials arising from: (1) a violation of the Fourth Amendment for allegedly unreasonable searches and seizures in connection with unauthorized electronic surveillance (*Bivens*, 403 U.S. 388); (2) a violation of the Fifth Amendment's Due Process Clause for gender discrimination in employment (*Davis v. Passman*, 442 U.S. 228 (1979)); and (3) a violation under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide constitutionally adequate medical treatment to a prisoner (*Carlson v. Green*, 446 U.S. 14 (1980)). *See Abbasi*, 137 S. Ct. at 1854-55; *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018).

In *Abbasi*, the Supreme Court found that claims under the Fifth Amendment challenging a detention policy that allegedly imposed restrictive conditions of confinement for detainees constituted a new *Bivens* context because the claims "bear little resemblance to the three *Bivens* claims the [Supreme] Court has approved in the

past." 137 S. Ct. at 1860. Similarly, to the extent that plaintiff is purporting to raise a claim against any defendant for allegedly unconstitutional conditions of his confinement, the Supreme Court has rejected such an expansion of *Bivens* liability in *Abbasi*. *See, e.g., Schwarz*, 761 Fed. Appx. at 734-75 (finding an Eighth Amendment claim for unsanitary prison cell conditions to be a new context that "resembles the conditions of the [sic] confinement claim the Supreme Court rejected in *Abbasi*").

In addition, any claims plaintiff may be raising against supervisory officials would also arise in a new context because the Supreme Court has not extended a *Bivens* remedy against any federal official under a theory of respondeat superior. *See, e.g., Iqbal*, 556 U.S. at 677 (in a *Bivens* action, "each Government official . . . is only liable for his or her own misconduct"). Previously, the Supreme Court has recognized *Bivens* remedies only against individual government officers directly responsible for an alleged injury, not against supervisory officials. *See Abbasi*, 137 S. Ct. at 1860 ("[A] *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others."); *Schwarz*, 761 Fed. Appx. at 735 ("extending *Bivens* remedies to [plaintiff's] claims against regional and national BOP officials . . . undermines the purpose of *Bivens* liability – to deter individual government officials, not their supervisors or the agency, from engaging in unconstitutional conduct"). Further, if plaintiff purports to raise a due process claim against any defendant arising from the allegedly inadequate processing of or failure to process his administrative grievances, a prisoner has no federal constitutional right to an effective grievance or appeal procedure and the mere participation of a prison official in plaintiff's administrative appeal process is an insufficient basis on which to state a federal civil rights claim against such defendant. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has "no legitimate claim of entitlement to a grievance procedure"); *see also Larkin v. Watts*, 300 Fed. Appx. 501, 502, 2008 WL 4946284,

at *1 (9th Cir. Nov. 12, 2008) (prisoner's "claim that the defendants improperly processed his administrative complaints or grievances does not give rise to a cognizable constitutional or *Bivens* claim") (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3).[3]

E. **Eighth Amendment Claim Regarding Medical Care**

Plaintiff appears to be alleging that all defendants violated the Eighth Amendment by acting with deliberate indifference in providing medical care for one or more serious medical needs. To state a claim under the Eighth Amendment for constitutionally inadequate medical care, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle*, 429 U.S. at 106. "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted). As set forth above, it is not clear from the factual allegations in the Complaint which of plaintiff's issues with his eyes are alleged to constitute a serious medical need at what time. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted).

To meet the objective element of a deliberate indifference claim, "a prisoner must demonstrate that the prison official acted with deliberate indifference." *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks omitted). Deliberate indifference may be manifest by the intentional denial, delay, or interference with a prisoner's medical care. *See Estelle*, 429 U.S. at 104-05. The

---

[3] Because plaintiff's Complaint violates Rule 8, the Court cannot discern what claims plaintiff is purporting to raise against which defendants based on which factual allegations, and the Court cannot complete the *Bivens* analysis by determining whether other adequate alternative remedies existed to address any constitutional claim plaintiff may be raising. *See, e.g., Rodriguez*, 899 F.3d at 738.

prison official to be held liable, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see also Colwell*, 763 F.3d at 1066 (a "prison official is deliberately indifferent . . . only if the official knows of and disregards an excessive risk to inmate health and safety" (internal quotation marks omitted)). Here, as discussed above, plaintiff references all defendants in his constitutional claims. Plaintiff also repeatedly states conclusory allegations that groups of defendants knew of plaintiff's serious medical needs without alleging specific facts to show that each defendant was subjectively aware of plaintiff's medical needs or had drawn the inference that plaintiff faced a substantial risk of serious harm without immediate additional medical treatment. For example, plaintiff alleges that seven defendants "failed to provide obvious urgent medical care" that plaintiff "needed to treat the retinal detachment," apparently in March 2017, but plaintiff also alleges that he was "informed" that he was suffering from a retinal detachment on May 22, 2017. (ECF No. 11 at 33-34.) To the extent plaintiff wishes to allege that a specific defendant failed to provide "urgent medical care," he should set forth factual allegations plausibly suggesting that the denial of treatment by each such defendant "was medically unacceptable under the circumstances, and made in conscious disregard of an excessive risk to [the inmate]'s health." *Rosati*, 791 F.3d at 1039 (alteration in original, internal quotation marks omitted).

In his Complaint, plaintiff has failed to set forth specific factual allegations raising a reasonable inference that each named defendant was deliberately indifferent to a serious medical need at a specific time during the several years that plaintiff received medical treatment for his multiple eye problems. Plaintiff's bald and conclusory allegations in the Complaint altogether fail to nudge a claim against each defendant arising from allegedly inadequate medical care "across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570. Accordingly, in order to

state a plausible claim that specific prison officials caused delays in plaintiff's medical treatment that resulted in an "inoperable retinal detachment" in one of plaintiff's eyes (ECF No. 11 at 2), plaintiff should set forth a short and plain statement of each claim showing "simply, concisely, and directly [the] events" that entitle him to damages from each defendant. *Johnson*, 574 U.S. at 12.

The Court also notes that the Complaint includes allegations that plaintiff was examined by "eye specialists," optometrists, and ophthalmologists more than 15 times and had a cataract removed, prior to receiving a diagnosis of retinal detachment in May 2017. (*Id.* at 12-4, 16, 17, 22-27, 30, 32.) To the extent plaintiff alleges that the numerous medical professionals who treated his eyes prior to May 2017 incorrectly diagnosed the symptoms that plaintiff reported suffering in his eyes at different times, an inadvertent failure to provide adequate medical care, negligence, or a difference of opinion over proper medical treatment are insufficient to constitute an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

### F. **Federal Tort Claims Act**

In his Count IV, plaintiff purports to raise tort claims pursuant to the Federal Tort Claims Act ("FTCA") against "defendants" and seeks to hold the United States, the BOP, and "all defendants jointly and severally liable for all relief requested and damages awarded under the FTCA." (ECF No. 11 at 60-62.) However, the only proper defendant in an FTCA claim is the United States. *See Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Douglas v. BOP Dir.*, 2019 U.S. Dist. LEXIS 201629, at *4-*5, 2019 WL 6170734 (C.D. Cal. Nov. 20, 2019)

17

("The FTCA can only be asserted against the United States and not against individual employees, in either their official or individual capacities."). It is not clear that plaintiff has named the United States as a defendant in this action.

Further, to state a cognizable claim pursuant to the FTCA, plaintiff must affirmatively allege the timely filing of an administrative claim. *See McNeil v. United States*, 508 U.S. 106, 111 (1993); *Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) (FTCA requires that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury). Pursuant to 28 U.S.C. § 2401(b), a claimant must present an administrative claim against the United States to the appropriate Federal agency within two years from the time the claim accrues, and he then has six months from the denial of an administrative FTCA claim to file a complaint in federal court. A claim is timely only if it has been submitted to the appropriate federal agency within two years of its accrual and has been filed in federal court within six months of the federal agency's final decision. *See Redlin v. United States*, 921 F.3d 1133, 1136 (9th Cir. 2019) (§ 2401(b) contains two "separate timeliness requirements," and a claim is timely only if it complies with both requirements). FTCA's time bars, however, are subject to equitable tolling. *See United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015).

Here, plaintiff's Complaint states without any supporting facts that plaintiff "exhausted his administrative remedy," but he fails to allege which of the grievances he references constituted notice of each FTCA claim or claims. (ECF No. 11 at 11.) Plaintiff alleges that he filed "an informal resolution (grievance)" on August 31, 2016 (*id.* at 21-22), a "grievance" on February 8, 2017 (*id.* at 30), a grievance with the "Grievance System" on February 15, 2017 (*id.* at 31), a "grievance" on June 5, 2017 (*id.* at 47), a "grievance" on June 12, 2017 (*id.* at 50), and a "grievance" on December 15, 2018 (*id.* at 53). He also references "complaints" that he filed without specifying what claim any complaint or grievance raised (*id.* at 54). Plaintiff does

18

not allege the outcome of any grievance.

In his Count IV, plaintiff purports to raise a claim for the intentional infliction of emotional distress, and he incorporates into his Count IV his factual allegations in the Complaint beginning in early 2016. (ECF No. 11 at 60.) Plaintiff, however, does not point to any specific grievance or administrative complaint as satisfying his duty to exhaust his tort claim(s) against the United States. (*See id.* at 60-62.) Because plaintiff fails to clearly allege that he presented a claim within two years of the date his claim(s) pursuant to FTCA accrued − and fails to allege when any administrative claim was denied − he has failed to meet his burden of alleging the timely filing of an administrative claim for each FTCA claim raised in the Complaint or that he filed this action within six months of the final denial of such administrative claim. If plaintiff wishes to pursue an FTCA tort claim against the United States in a First Amended Complaint, he should set forth facts showing his timely filing of an administrative claim for each such FTCA claim.

************

If plaintiff still desires to pursue this action**, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint, and plaintiff should set forth a simple, concise, and direct statement of the factual basis of each claim against each defendant named in this action.

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or he fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 1/28/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: Civil Rights Complaint (Form CV-066)
Notice of Dismissal (Form CV-009)